*Fox, msg*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JENNIFER HURNS,

                       Plaintiff,               09 CIV 3702 (BSJ)(KNF)

        - against -

                                               STIPULATED PROTECTIVE
                                               ORDER
SUNRISE SENIOR LIVING, INC., d/b/a SUNRISE
ASSISTED LIVING, SUNRISE SENIOR LIVING
and SUNRISE AT FLEETWOOD and SUNRISE
SENIOR LIVING MANAGEMENT, INC. d/b/a
SUNRISE ASSISTED LIVING, SUNRISE
SENIOR LIVING and SUNRISE AT FLEETWOOD,

                                  Defendants.
------------------------------------------------------------------X



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 11/12/09

Pursuant to Fed. R. Civ. P. 26(c)(1)(G), Plaintiff Jennifer Hurns ("Hurns") and

Defendants Sunrise Senior Living, Inc. and Sunrise Senior Living Management, Inc. (hereinafter

"Sunrise") (collectively "the parties") AGREE AND STIPULATE as follows:

WHEREAS, Hurns has filed suit against her former employer, Sunrise, which operates an

elderly care facility known as "Sunrise at Fleetwood";

WHEREAS, the parties have made discovery requests and may in the future serve

additional discovery requests;

WHEREAS, certain materials have been or may be requested by the parties in the course

of discovery that constitute or contain personal, private, confidential, proprietary, or commercial

information, as more fully discussed below;

WHEREAS, counsel for the parties are willing to enter into a Stipulated Protective Order

regarding confidential discovery materials ("Stipulated Protective Order") as a condition to the

disclosure of such confidential information and/or the inspection and copying of documents containing confidential information;

WHEREAS, counsel for the parties agree that an Order containing the terms set forth herein may be entered by the Court without further notice in order to safeguard the confidentiality of certain information and documents while allowing the opportunity for reasonable discovery; and

WHEREAS, counsel for the parties agree that they will abide by the terms of this Stipulated Protective Order during the period prior to the Court's execution of its Order, whenever that may be;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows:

1. Any and all information, documents, or materials produced, including, without limitation, answers to interrogatories, responses to other discovery requests, and deposition transcripts (or applicable portions thereof), which have been marked, stamped, or otherwise identified by either party as "Confidential" shall be subject to the following restrictions of the Stipulated Protective Order. The parties hereby designate the following documents, materials, testimony or other information derived therefrom (collectively, "documents") as Confidential excluding such documents that are of public record:

   a. All documents containing information about Sunrise's prices, budgets, marketing plans, sales rankings, census rankings, non-public financial information, and other information related to operation of its senior living facilities[1];

---

[1] Disclosure of these documents to competitors might give those competitors insight into Sunrise's business model, as well as Sunrise's strengths and weaknesses in terms of performance. Competitors armed with such insight could take business measures to better compete against Sunrise.

   b. All documents related to Sunrise's internal Quality Service Reviews ("QSR")[2];

   c. All documents related to inspections at Sunrise at Fleetwood conducted by the State of New York and its administrative agencies[3];

   d. All documents containing information, such as name, age, or medical condition, of any current or former Sunrise residents;

   e. All documents related to Sunrise's internal investigations;

   f. All personnel and employment files of current or former Sunrise employees;

   g. All documents relating to Sunrise's trade secrets or other confidential research, development, or commercial information;

   h. All documents related to Hurns' medical and employment history.

2.  When a party desires to identify information as "Confidential" and subject to this Protective Order, it must do so by placing a "Confidential" label on an applicable document, or otherwise explicitly refer to the document or information (including electronic information) as "Confidential" and subject to this Protective Order.[4]

---

[2] Disclosure of QSR documents to competitors might give those competitors insight into Sunrise's business model, as well as Sunrise's strengths and weaknesses in terms of performance. The QSRs include candid commentary on Sunrise's financial performance and projections, as well as its practical strengths and weaknesses in terms of the quality of senior care it is providing. Some QSRs also contain the identities and needs and its senior living customers. Competitors armed with such insight could take business measures to better compete against Sunrise.

[3] Disclosure of these documents to competitors might give those competitors insight into Sunrise's business model, as well as Sunrise's strengths and weaknesses in terms of performance. Competitors armed with such insight could take business measures to better compete against Sunrise.

[4] The parties acknowledge that certain documents that are marked confidential may later be found to be public records pursuant to federal and state open records laws. Should the parties mark a document confidential and later discover that the document is a public record, the parties agree that the document will lose its confidentiality protections.

3

3.   Before designating information as Confidential, a party's counsel must review the information and certify that the Confidential designation is based on the counsel's good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

4.   Except as otherwise provided, access to any Confidential materials shall be limited solely to the following persons:

   (a)   Counsel for the parties and their associates, legal assistants, or other support employees who have a demonstrable need for such disclosure in order to conduct this litigation;

   (b)   Hurns, Sunrise, and any officers, directors, agents, or employees of a party who have a need for such disclosure in order to conduct this litigation;

   (c)   any expert or consultant retained for the conduct of this litigation;

   (d)   any prospective or actual deponent or trial witness, other than those described in (b) and (c); and

   (e)   the Court and authorized Court personnel.

Before disclosing Confidential materials to any person in categories (c) and (d) above, each such person shall state under oath in a written document in the form of Exhibit A (attached) that he or she is fully familiar with and agrees to comply with the terms of this Stipulated Protective Order and further agrees to submit to the jurisdiction of this Court. Counsel shall maintain a file of the originals of each signed Exhibit A. Upon request, counsel will provide opposing counsel with a copy of any or all such executed documents.

5.   Confidential materials shall not be used for any purpose other than the conduct of this lawsuit and shall not be disclosed in any way to any other person beyond those described in

Paragraph 4 above, nor shall such Confidential materials or their contents be publicized in any manner.

6. A party may object to the designation of particular Confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of the Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose is designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

7. The inadvertent production of any confidential, private, or proprietary information, document, or material without designation as Confidential shall not constitute a waiver of the rights of a party subsequently to designate such materials as Confidential or otherwise to assert confidentiality with respect to any document, material, or information. Any information, document or material subsequently designated as Confidential shall be treated as if it had been so designated when first produced or made available and shall be subject to the terms of this Stipulated Protective Order from such date. If a party produces multiple copies of information, documents, or materials, one identical or substantially similar copy of which has

been designated as Confidential, all copies shall be treated as so designated. Neither the provisions of this Stipulated Protective Order, nor any designation or failure to designate any particular information, document or material by a party as Confidential shall constitute a waiver of the right to assert confidentiality in any other litigation or other context.

8. The inadvertent production of any privileged and/or work product information, document, or materials shall not constitute a waiver of the privilege or work product protection. If the party who inadvertently produced such documents demands return of the document on the grounds that it is privileged and/or work product, the party to whom the document has been produced shall return the materials or document promptly and not retain any copies, summaries or other abstracts. The party to whom the privileged or protected materials were produced may file a motion to challenge the claim of privilege or protection and to compel production of the document or materials.

9. If any party intends to file or use at trial any materials designated as Confidential, that party shall take steps reasonably necessary to protect their confidentiality during such filing or usage.

10. This Stipulated Protective Order and the handling of Confidential materials may be the subject of further orders of the Court and nothing herein shall preclude any party from applying to the Court for a modification of this Stipulated Protective Order or for the reclassification of any materials produced in this litigation.

11. The obligations of this Stipulated Protective Order are continuing and shall not terminate at the conclusion of this litigation. Upon settlement or final determination of this litigation, Sunrise's Confidential materials and all available copies, summaries, compilations, abstracts or any other document or material setting forth the contents of any such materials that

6

were produced to Hurns and/or her counsel must either be (a) returned to Sunrise, or (b) maintained by her counsel in a secure location. Upon settlement or final determination of this litigation, Hurns' Confidential materials and all available copies, summaries, compilations, abstracts or any other document or material setting forth the contents of any such materials that were produced to Sunrise and/or its counsel must either be (a) returned to Hurns or her counsel, or (b) maintained by Sunrise's counsel in a secure location.

12. Nothing in this Stipulated Protective Order precludes a party from using any document or item it has designated as Confidential as such party sees fit.

*Robert Fellows / gs*

Robert L. Fellows
FELLOWS, HYMOWITZ & EPSTEIN, P.C.
254 South Main Street, Suite 400
New City, New York 10956
Telephone: 845.634.3775
Facsimile: 845.634.3598
Email: rfellows@pilaw.com

**ATTORNEY FOR PLAINTIFF**

*Joseph Saltarelli*

Joseph J. Saltarelli
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, New York 10166
Telephone: 212.309.1000
Facsimile: 212.309.1100
Email: jsaltarelli@hunton.com

Thomas P. Murphy (admitted *pro hac vice*)
Ryan M. Bates (admitted *pro hac vice*)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Telephone: 703.714.7400
Facsimile: 703.714.7410
Email: tpmurphy@hunton.com
       rbates@hunton.com

**ATTORNEYS FOR DEFENDANTS**

Dated this the 6th day of November, 2009.

**ENTERED BY THE COURT:**

*November 12*, 2009

*Kevin Nathaniel Fox*

Kevin N. Fox
United States Magistrate Judge

7

## Attachment A

NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in <u>Jennifer Hurns v. Sunrise Senior Living, Inc. et al.</u>, United States District Court for the Southern District of New York, Civil Action No. 09-CV-3702, and hereby agree to comply with and be bound by the terms and conditions of the Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of this Court for purposes of enforcing this Order.

DATED: _____

/s/ _____